NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|                        |   |                          |
|------------------------|---|--------------------------|
|                        | : |                          |
| JAMES A. MCNAIR,       | : |                          |
|                        | : |                          |
| Petitioner,            | : | Civil No. 13-5094 (JBS)  |
|                        | : |                          |
| v.                     | : |                          |
|                        | : |                          |
| J.T. SHARTLE,          | : | **OPINION**              |
|                        | : |                          |
| Respondent.            | : |                          |
|                        | : |                          |

**APPEARANCES:**

James A. McNair, *Pro Se*
#06639-068
FCI Fairton
P.O. Box 420
Fairton, NJ 08320

John Andrew Ruymann
Office of the U.S. Attorney
402 East State Street, Suite 430
Trenton, NJ 08608
Attorney for Respondent

**SIMANDLE**, Chief Judge

   Petitioner James A. McNair[1], currently confined at the Federal

Correctional Institution at Fairton, New Jersey, filed this Petition

for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241. Respondent

---

[1]   Petitioner is also known by the name "Nick Johnson." *See*
Declaration of J.R. Johnson, Programs Specialist with the Federal
Bureau of Prisons, filed with Answer, at Attachments 1 and 2.

answered the Petition.   For the following reasons, the Petition must be denied.[2]

## BACKGROUND

The following procedural background is taken from the Respondent's Answer and attached record of the case.

Petitioner was sentenced in New Jersey state court on August 9, 1996 to ten years imprisonment after conviction on state robbery and weapons charges. On May 1, 1998, Petitioner escaped from a community treatment center. On July 3, 1998, while on escape status, Petitioner robbed a bank. He was apprehended by the state on May 9, 1999, and returned to New Jersey state custody to continue to serve his previous state sentences.

On August 9, 1999, Petitioner was temporary released to federal custody on a federal writ, and on July 14, 2000, was sentenced in United States District Court for the Western District of Pennsylvania to a 168-month term of imprisonment for the bank robbery and related charges. On August 17, 2000, Petitioner was returned to New Jersey state custody, and the federal judgment was placed as a detainer.

Back in New Jersey, on August 16, 2002, Petitioner was convicted and sentenced to an additional three years for the escape, to run

---

[2]   By letter dated April 15, 2014, this Court granted Petitioner an extension to file a reply to the Answer until May 9, 2014 (Docket Item 11). Petitioner has not filed a reply. As the time granted by this Court has far elapsed, this Court will rule on the papers on the docket.

concurrently to previously imposed state sentences, and was awarded jail credit from January 16, 2001 to August 15, 2002. On March 19, 2003, Petitioner was paroled from state custody and taken into federal custody to commence his federal sentence.

While in federal custody, on April 28, 2005, Petitioner was sentenced in this District Court to 96 months imprisonment, to run consecutive to other sentences, after conviction for Conspiracy to Obstruct, Delay and Affect Commerce by Robbery.

The Bureau of Prisons ("BOP") calculated an aggregate sentence of 264 months imprisonment, and did not provide Petitioner with prior custody credit, as all of his previous time spent in custody was credited towards state sentences. Petitioner's projected release date is May 18, 2022, presuming good conduct time credit.

In his Petition, Petitioner argues that he is entitled to "statutory credits from January 9, 2001 to his March 19, 2003 entry into federal custody" against his federal sentence. (Pet., p. 4). He states that in January of 2001, he "was placed in pre-trial detention awaiting disposition on state charges on January 6, 2001 as oppose[d] to being placed in federal custody" (Pet., p. 3).

## DISCUSSION

### A.   Jurisdiction

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless ... [h]e is in custody in violation of the

Constitution or laws or treaties of the United States." 28 U.S.C.
§ 2241(c)(3). A federal court has subject matter jurisdiction under
§ 2241(c)(3) if two requirements are satisfied: (1) the petitioner
is "in custody" and (2) the custody is "in violation of the
Constitution or laws or treaties of the United States." 28 U.S.C.
§ 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). The federal
habeas statute requires that the petitioner be in custody "under the
conviction or sentence under attack at the time his petition is
filed." *Lee v. Stickman*, 357 F.3d 338, 342 (3d Cir. 2004) (quoting
*Maleng*, 490 U.S. at 490–91).

This Court has subject matter jurisdiction under § 2241 to
consider the instant petition because Petitioner challenges the
computation of his federal sentence, and he is incarcerated in New
Jersey. *See Blood v. Bledsoe*, 648 F.3d 203 (3d Cir. 2011); *Woodall
v. Fed. Bureau of Prisons*, 432 F.3d 235, 242–44 (3d Cir. 2005).

**B.    The Petition is Without Merit**

The Attorney General is responsible for computing federal
sentences for all offenses committed on or after November 1, 1987,
*see United States v. Wilson*, 503 U.S. 329 (1992) and 18 U.S.C. § 3585,
and the Attorney General has delegated that authority to the Director
of the Bureau of Prisons, *see* 28 C.F.R. § 0.96 (1992). Computation
of a federal sentence is governed by 18 U.S.C. § 3585, and is comprised
of a two-step determination of, first, the date on which the federal

sentence commences and, second, the extent to which credit is awardable for time spent in custody prior to commencement of the sentence:

> (a) Commencement of sentence.—A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> ***that has not been credited against another sentence.***

18 U.S.C. § 3585(a), (b) (emphasis added). *See, e.g., Chambers v. Holland*, 920 F. Supp. 618, 622 (M.D. Pa.), *aff'd* 100 F.3d 946 (3d Cir. 1996) ("Primary jurisdiction over a state prisoner ends and federal custody over him commences only when the state authorities relinquish him on satisfaction or extinguishment of the state obligation).

Thus, "[i]n calculating a federal sentence, the BOP first determines when the sentence commenced and then determines whether the prisoner is entitled to any credits toward his sentence." *Blood*

*v. Bledsoe*, 648 F.3d 203, 207 (3d Cir.), *cert. denied* 132 S. Ct. 1068 (2011).

As to the second part regarding award of credit, the Supreme Court emphasized that "the final clause of § 3585(b) allows a defendant to receive credit only for detention time 'that has not been credited against another sentence.'" *United States v. Wilson*, 503 U.S. 329, 333 (1992). Similarly, the Court of Appeals for the Third Circuit ruled that § 3585(b) does not permit the BOP to grant credit against a federal sentence for time that has been credited against defendant's state sentence, even though the defendant was writted to the control of federal authorities while awaiting federal trial. *See Rios v. Wiley*, 201 F.3d 257, 272, 274 (3d Cir. 2000), *abrogated in part on other grounds by statute* ("[A]s the BOP correctly argues, the law on this point is clear: a prisoner detained pursuant to a writ of habeas corpus *ad prosequendum* remains in the primary custody of the first jurisdiction unless and until the first sovereign relinquishes jurisdiction over the prisoner"); *see also Harris v. Zickefoose*, 511 F. App'x 135, 137 (3d Cir. Jan. 22, 2013); *Ruggiano v. Reish*, 307 F.3d 121, 125 n.1 (3d Cir. 2002), *superseded on other grounds by* U.S.S.G. § 5G1.3(c) (2003) (an *ad prosequendum* writ does not serve to transfer custody to federal authorities); BOP Program Statement 5880.28 § 3b  (emphasizing that *ad prosequendum*

writs do not effect a transfer to federal custody). *See also, generally, United States v. Vega*, 493 F.3d 310, 314 (3d Cir. 2007).

Upon review of the record in this case, this Court finds that Petitioner has not shown that he is entitled to habeas relief. The Government has shown that New Jersey awarded credit to Petitioner against his state sentence, including the time Petitioner spent in federal custody on writ. Respondent's Declaration of J.R. Johnson, Programs Specialist, notes that: "Prior to the March 19, 2003 commencement of his federal sentence, [Petitioner] was in exclusive or primary New Jersey state custody and received credit towards his state sentences. The additional 'double credit' he seeks was applied toward his New Jersey sentences and is precluded from being applied toward his federal sentence pursuant to Title 18 U.S.C. § 3585(b)." (Johnson Decl. at ¶ 18).

Petitioner's request for federal credit for the time he spent in federal custody pursuant to the writ of habeas corpus *ad prosequendum* is denied. As noted in the above case law, Petitioner is mistaken as to the law. While under the writ, Petitioner was not in federal custody.  Further, the record confirms that time served by Petitioner from January 9, 2001 until his release to federal

authorities on March 19, 2003 was credited to his state sentence.

Petitioner cannot receive double credit for that time.[3]

        Thus, it appears from a review of the record that the BOP

properly calculated Petitioner's prior custody credit under 18

U.S.C. § 3585(b) and habeas relief is not warranted.

**CONCLUSION**

    For the reasons set forth above, this Court finds that the

Petition must be denied. An appropriate Order follows.



                                **s/ Jerome B. Simandle**
                              JEROME B. SIMANDLE, Chief Judge
                              United States District Court

Dated:  **July 16, 2014**

---

[3]    To the extent that Petitioner argues that his sentences should have run concurrently, the Court notes that when a federal sentencing judge is silent as to a state sentence, the BOP may properly calculate the federal sentence to run consecutively to the state sentence. *See* 18 U.S.C. § 3584(a), (b); BOP Program Statement 5160.05 (addressing *nunc pro tunc* designations).