UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JAMES A. MCNAIR,

        Petitioner,

   v.

J.T. SHARTLE,

        Respondent.

Civil Action No. 13-5094 (RBK)

**OPINION**

**ROBERT B. KUGLER, U.S.D.J.**

Before the Court is Petitioner's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). (ECF No. 18). Petitioner seeks to vacate the Court's July 16, 2014, decision denying his Petition under 28 U.S.C. § 2241. Respondent filed an Opposition, (ECF No. 23), and Petitioner did not file a reply. For the following reasons, the Court will deny Petitioner's motion for relief from judgment.

### I.    BACKGROUND

As set forth in the Court's earlier Opinion:

> Petitioner was sentenced in New Jersey state court on August 9, 1996 to ten years imprisonment after conviction on state robbery and weapons charges. On May 1, 1998, Petitioner escaped from a community treatment center. On July 3, 1998, while on escape status, Petitioner robbed a bank. He was apprehended by the state on May 9, 1999, and returned to New Jersey state custody to continue to serve his previous state sentences.
>
> On August 9, 1999, Petitioner was temporary released to federal custody on a federal writ, and on July 14, 2000, was sentenced in United States District Court for the Western District of Pennsylvania to a 168–month term of imprisonment for the bank robbery and related charges. On August 17, 2000, Petitioner was returned to New Jersey state custody, and the federal judgment was placed as a detainer.

> Back in New Jersey, on August 16, 2002, Petitioner was convicted and sentenced to an additional three years for the escape, to run concurrently to previously imposed state sentences, and was awarded jail credit from January 16, 2001 to August 15, 2002. On March 19, 2003, Petitioner was paroled from state custody and taken into federal custody to commence his federal sentence.
>
> While in federal custody, on April 28, 2005, Petitioner was sentenced in this District Court to 96 months imprisonment, to run consecutive to other sentences, after conviction for Conspiracy to Obstruct, Delay and Affect Commerce by Robbery.
>
> The Bureau of Prisons ("BOP") calculated an aggregate sentence of 264 months imprisonment, and did not provide Petitioner with prior custody credit, as all of his previous time spent in custody was credited towards state sentences. Petitioner's projected release date is May 18, 2022, presuming good conduct time credit.
>
> In his Petition, Petitioner argues that he is entitled to "statutory credits from January 9, 2001 to his March 19, 2003 entry into federal custody" against his federal sentence. He states that in January of 2001, he "was placed in pre-trial detention awaiting disposition on state charges on January 6, 2001 as oppose[d] to being placed in federal custody."

*McNair v. Shartle*, No. 13-5094, 2014 WL 3519077, at *1 (D.N.J. July 16, 2014) (citations omitted), a*ff'd sub nom. McNair v. Fairton*, 611 F. App'x 749 (3d Cir. 2015).

After reviewing the record and the parties' submissions, this Court held that Petitioner was not entitled to habeas relief, finding that:

> The Government has shown that New Jersey awarded credit to Petitioner against his state sentence, including the time Petitioner spent in federal custody on writ. Respondent's Declaration of J.R. Johnson, Programs Specialist, notes that: "Prior to the March 19, 2003 commencement of his federal sentence, [Petitioner] was in exclusive or primary New Jersey state custody and received credit towards his state sentences. The additional 'double credit' he seeks was applied toward his New Jersey sentences and is precluded from being applied toward his federal sentence pursuant to Title 18 U.S.C. § 3585(b)."
>
> Petitioner's request for federal credit for the time he spent in federal custody pursuant to the writ of habeas corpus ad prosequendum is

2

> denied. As noted in the above case law, Petitioner is mistaken as to the law. While under the writ, Petitioner was not in federal custody. Further, the record confirms that time served by Petitioner from January 9, 2001 until his release to federal authorities on March 19, 2003 was credited to his state sentence. Petitioner cannot receive double credit for that time.
>
> Thus, it appears from a review of the record that the BOP properly calculated Petitioner's prior custody credit under 18 U.S.C. § 3585(b) and habeas relief is not warranted.

*McNair*, 2014 WL 3519077, at *3 (citations omitted).

Nearly six years later, Petitioner filed the instant motion for relief from judgment under Rule 60(b)(6). Petitioner contends "that there has been a change in the Third Circuit's decisional law, and therefore presents . . . extraordinary circumstances to warrant Rule 60(b)(6) relief." (ECF No. 18, at 1). Ultimately, Petitioner once again seeks additional prior custody credits.

## II.     STANDARD OF REVIEW

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Specifically, at issue in this case is Rule 60(b)(6), which "is a catch-all provision that authorizes a court to grant relief from a final judgment for any . . . reason other than those listed elsewhere in the Rule." *Cox v. Horn*, 757 F.3d 113, 120 (3d Cir. 2014) (internal quotation marks omitted), *cert. denied sub nom.*, *Wetzel v. Cox*, 135 S. Ct. 1548 (2015).

Rule 60(b) motions are left to the sound discretion of the trial court, consistent with accepted legal principles applied in light of all relevant circumstances. *See Pierce Assoc. Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988). A court may only grant a Rule 60(b) motion if a movant shows extraordinary circumstances, and a Rule 60(b) motion is not appropriate to

3

reargue issues. *Burns v. Warren*, No.13-1929, 2018 WL 1942516, at *2 (D.N.J. Apr. 25, 2018); *see also Cox*, 757 F.3d at 120.

### III.   DISCUSSION

With those principles in mind, in support of his motion, Petitioner relies on *Satterfield v. Dist. Attorney Philadelphia*, 872 F.3d 152, 162 (3d Cir. 2017).  In that case, the Third Circuit held that "w]henever a petitioner bases a Rule 60(b)(6) motion on a change in decisional law, the court should evaluate the nature of the change along with all of the equitable circumstances" to determine whether extraordinary circumstances exist to merit relief under Rule 60(b)(6). *Satterfield*, 872 F.3d at 162.

While Petitioner correctly refers to that general principle, his claims fail because he does not identify any "change in decisional law" that applies to his case. *Id.*  Courts had decided every case within Petitioner's argument sections well before this Court denied his § 2241 Petition on July 16, 2014. (ECF No. 18, at 3–8).

To the extent Petitioner seeks to rely on *Satterfield* itself, and the decisional law at issue in that case, *McQuiggin v. Perkins*, 569 U.S. 383 (2013), those cases involved ineffective assistance of counsel and statute of limitations issues.[1] *Satterfield*, 872 F.3d at 154.  Similarly, the related case in Petitioner's motion, *Cox v. Horn*, 757 F.3d 113, 115 (3d Cir. 2014), involved procedural default and ineffective assistance of counsel claims.

In contrast, this case involved the calculation of custody credits.  Stated differently, issues of ineffective assistance of counsel, statutes of limitations, or procedural default had no bearing on Petitioner's § 2241 Petition or the Court's denial thereof. (ECF No. 12).  Accordingly, as Petitioner

---

[1] In any event, the Supreme Court decided *McQuiggin* before this Court denied Petitioner's § 2241 Petition in July of 2014.

has failed to show a change in decisional law that affects his case or any other "extraordinary circumstances" to merit relief under Rule 60(b)(6), the Court will deny Petitioner's motion. *Cox*, 757 F.3d at 120.

## IV.  CONCLUSION

For the foregoing reasons, the Court will deny Petitioner's motion for relief from judgment. An appropriate Order follows.


Dated:  January 21,  2021                                           s/Robert B. Kugler
                                                                    ROBERT B. KUGLER
                                                                    United States District Judge